Good morning, your honors. Thank you very much. May I restart the two minutes? Certainly. Thank you so much. I was going to make three very important points. First of all, it's the movements of orientings. It makes a lot of difference. We've given ourselves three coordinates to check that. It's the muscle and the cord. It's the outer approach to the issue that we hold on to. The second thing is the form of relief. We think it's pretty clear that nominal damages are pretty much the most extreme form of medical relief. The courts have told us that when there are no compensatory damages, when there are no VA damages available, the courts should look to nominal damages, which the Ninth Circuit has said repeatedly are a form of symbolic relief. When you consider that there are no damages, this is a symbolic form of relief that really is the essence of equitable relief with you. When you say the essence of your equitable relief, are you making a distinction that nominal damages are not a form of legal relief? Your honor, linking people without back pay is a form of legal relief. We don't think that you should make a specific set of conclusions. When you say that there are no damages, you have to be more specific than Bernhardt. The Ninth Circuit has said these are not compensatory. They are purely symbolic. They function to demonstrate the importance of the statute. They foster respect for the civil rights laws. But they're not compensatory in the sense that they are not intended to dollar for dollar. It claims to be a supplement to injury, but does that mean they're purely equitable? In this case, they are purely equitable because they serve to stress, one, they serve to stress the importance of the laws in question. The United States Supreme Court has said that when discrimination is concerned, the court has not only the power but the duty to render a decree. I will not limit discrimination as well as bar discrimination in the future. For the reason they're equitable in this case is they have someone who is threatened with loss of job and insurance. With an illegal agreement, forced to sign an agreement that shortens the statutory statute limitations, waived his right to go to the EUC, he may have been forced to defend against improper motions. You're arguing fairness, and of course I understand that equity involves fairness, but it's not an identity function. Legal damages also are available as a matter of fairness. I'd like one more technical analysis. As the time of Congress adopts this statute, it makes reference to existing law. What was the existing law at the time that this statute was adopted with respect to whether or not nominal damages were available as equitable relief? I'm sure that there was in case dealing with equitable relief under the civil rights laws because they used the very broad terms. I understand that, but were they referencing some other standards and some other remedies? I'm not sure about that. I couldn't answer that. I don't have the procedure background that you do, but I can tell you that it was in the intention of Congress, as explained by the Supreme Court, to award the most complete relief to make somebody whole, to avoid an injustice. The reason that it's necessary in this case is because when you have someone who is admittedly, for purposes of this motion, to have their rights violated, and prevailed in the Ninth Circuit on appeal against them, in reference to force and arbitration agreement that didn't exist on him, he wins, and he wins. And how he's been assessed costs on him, someone who has his civil rights violated and prevails, has been determined to be a losing party and assessed costs, I can't think of more than one equitable result. Another point you wanted to try to make. Counselor, can I ask you, when the 91 Civil Rights Act was passed, didn't the Congress draft a bond to that, the enforcement mechanism from Title VII in 2008? Absolutely. Okay. And is it your best case on your claim here, from a all-circuits line, Shaver? Yes. Shaver is directly imparted. If you'll agree, we identified numerous cases that allowed a number of nominal damages in Title VII cases. There's even Ninth Circuit cases, Rolf and Parkinson, which have allowed maximal damages. But I've never seen it. I think this is an open question in the Ninth Circuit. Would you agree? I think it's an open question. I think this is perhaps the best case imaginable. What's a dignitary interest that Morris Arnold talked about? I think a dignitary interest is that when your rights have been violated and you have suffered some injury that always competes both in dollars, and those dignitary interests, obviously, due process has been one. The right to counsel has been one. And I certainly think it's very important, as instructed, that the civil rights laws are one of the most profound public policies in this country. Well, in Tester, the panel made reference that their analogy was to Tester cases. Somebody, you know, they sent out testers to find out, okay, here, as I understand it, the plaintiff waited six years for an administrative determination, in this case. Is that right? Well, it wasn't early. They gave them a cause finding. Would you want to call that? Well, claim one is opening. Yes, okay. This is claim two, and then we're after. That's right. Is it then for six years? Well, it was a determination that was caused well before the six years. The EEOC took several years to decide whether they or I was going to go forward and claim the case. Absolutely. And in that interim, while the case was pending, David Markey's major motion to compel arbitration, further intimidation, when there was no agreement. One other, let me just, I'm ahead of my credit because I'm almost, I'll give you a few minutes here. That decision is really appropriate in this case, and there is an actual controversy. If someone is sexually harassed, the harassment stops, it doesn't mean that the person is sexually harassed, there's no controversy. There is a plain violation of the statute. This case arose out of a lawsuit for suffering judgment for liability only. David Markey's definition, there is a live controversy. And I don't think the court was correct when she assumed that because he's no longer working there, there's no longer any risk. The U.S. Supreme Court. What is the risk to you? Thank you. The U.S. Supreme Court in a unanimous decision written by Justice Thomas said, in Roberts v. Shell, that post-employment retaliation is still covered in that journal. My client, that's going to be in cosmetics, as you see, still is. If he is placed in a given order to store, and they say, no, you can't put it here, he's still potentially subject to post-employment retaliation. So there is the potential for further conflicts. There is the potential for David Markey to rise up. I have this claim that you just raised again. And isn't that speculative at this point? Isn't it speculative? Oh, certainly it's speculative as to whether they're going to get it. It certainly is possible. The key here is if they're in a trial, if the judge wants to exercise her discretion one way or the other, that's fine. But this arose out of a motion. There are so many judges on the file. They all came. And I think that once it is established, there was a violation. Let me be clear. This is a very unique provision of civil rights laws. There's almost no case law determining it. For 15 years now, we in the CIA and others have been trying to get some court to provide some guidance as to what does it mean and how far can you go in threatening someone with dire consequences for not signing a good legal agreement. If we can get a declaratory release or some definition from a court, it will save a lot of litigation down the road. This is not merely a futile effort on our behalf. This is a really important statute. The Ninth Circuit itself sent this same type of issue back to the trial court in the least former case. So you have them define the statute. The question of negotiation. This is the case where that never happened. Okay. Your time is running down. We'll move on to our next panel. Thank you. Good morning. My name is Douglas McCartman. I'm representing the Defendant Appellee, Neiman Marcus Group. I'd like to make one point, please, which is in response to something that Mr. Wolefsky said, that it's unfair or inadequate of all things to view that Neiman Marcus was awarded costs as a prevailing party, even though Mr. Baer established a different lawsuit, that the arbitration agreement is not enforceable against him. What I'd like to make is Mr. Baer had an effective remedy to address that, which is 28 U.S. Code Section 1919, which provides when the district court dismisses a lawsuit for lack of jurisdiction, which includes mootness, the district court may award, may award, quote, just costs. And this court has explained that under the analysis, the district court must consider the iniquities of the parties in the claims. Mr. Baer chose not to avail himself of that remedy, and that is most assuredly, in my view, not reasonable for this court to keep this case alive so many years. And as a matter of fact, the costs were awarded. That's correct, Your Honor. And did you see costs? We did. Fine. You lost. It's to say you lost in the matters of the injunction, and you thought it was fair to see costs. We never lost anything in this case, Your Honor. I understand. But I'm asking you the question. In this case, you sought costs, and I'm asking you if you think it was fair for your client to not come soon. We sought costs under federal rules, and Mr. Baer had a perfectly effective remedy to seek under sections. And I want to ask another question. You don't have to, but I'll ask it one more time. In your view, was it fair for your client to seek costs in this case? I don't know, Your Honor. Maybe it was, and it wasn't relevant under FRCP 41. It was relevant under Section 1919, but Mr. Baer never moved for a different allocation of costs under Section 1919. Did you hear the answer? It was fair because it was composed. I think that's a fair characterization of my answer. It just wasn't relevant because there was no motion under 1919 for a different allocation of costs, which could have been denied costs, and even Marcus awarded some or all costs to Mr. Baer. Mr. Baer never availed himself of that remedy. Do you respond to the question or series of questions that Jackson might have to ask about the existing case law under Title VII when this statute was enacted with respect to the characterization of non-health damages? Yes, Your Honor. So a number of cases arose before the year 1999, excuse me, the year in 1991, the amendment to Title VII. Before that date, there was only equitable relief available under Title VII, and a number of cases arose with the fact that a veteran like the plaintiff establishes action of exceptional harassment but doesn't have any damages. There's no wrongful termination claim, or that claim is lost on the merits. The plaintiff no longer employs, and there's no right to a judge of relief, and a number of appellate courts did address are nominal damages available under that circumstance. The cases really that have any reasoning that squarely address the issue, all held that no nominal damages are not available, had as equitable relief under that version of Title VII because they're legal relief. They're not equitable relief. What do you do with the Schaefer case? The Schaefer case didn't address, they didn't answer the question why. Why would nominal damages be available as a part of equitable relief? Is it because they meet either of the two prongs that the Supreme Court established in Schubert's versus Kerry? When you want to look at can a monetary remedy be equitable, there are two established prongs, which are either it's restitution or it's, we want to quote it properly, either restitutionary or incidental to or intertwined with injunctive relief. Well, nominal damages are not restitutionary. That's return of property that belongs to the plaintiff or return of profits earned on property that belongs to the plaintiff. Isn't it more than just nominal, what we call something? I mean, we can't go back to the old idea of it's equity because before the merger of law and equity courts, if a jury could afford it, it's legal. If a jury can't afford it, it's equitable. Isn't nominal damages about making a person hold in light of the intent of the civil rights statutes in the dignitary interest that the Congress seems to preserve? It can't be just a label, can it? If a jury can give it, you can give it. It's legal if a judge gives it. It's equity. It's got to be something more than that, isn't it? I think it is more than that. And I think the Supreme Court and this court have set down fairly clear tests. Okay, well, here's what I have. And, you know, I'm lucky. I have very brave people who work with me. So here's what I have. It says, though this court, the Department of the Ninth Circuit has never answered the question of, quote, whether an award of nominal damages can ever be awarded in an equitable proceeding, quote, it previously indicated that nominal damages may be legal or equitable in my citation. Is Maroff 173, 5th, 3rd, 12, 19, and note 5. Is that true? That indicates that nominal damages can be either equitable or legal. I think that is not fair, Your Honor, for a couple of reasons. Number one, I think the key sentence from Maroff, if you could hold this additional footnote, I think the key sentence is the last sentence. First of all, Maroff says, according to the last sentence, quote, it is not necessary for us to determine at this time whether an award of nominal damages can ever be awarded in an equitable proceeding to effectuate the justice. So it's clearly an open question. Second of all, the issue of the dicta in Maroff did address relief. It addressed whether nominal damages can be awarded in an equitable proceeding. That's different. A proceeding is different from relief. The Supreme Court made that clear, and I believe the Great West case, Great West v. Hudson, I think that's the first case where they talk about restitution. That's exactly right, Your Honor. And the majority said certain damages, certain relief may be available in an equitable proceeding, but that doesn't mean it's an equitable remedy for the purpose of equitable relief under the arrest of statute, and I think that's what the dicta in Maroff was getting at. So what do the labels decide, as Judge Pratt said? What do the labels decide? How else do we determine whether nominal damages, despite their name, might be equitable relief? I think the proper analysis, initial first-versus-terroring, is going to satisfy either of the problems. Are they intertwined with equitable relief or intertwined with injunctive relief or restitution? Right. It's clearly not restitution. It's a symbolic award, not returning something to the plaintiff. It is not intertwined with injunctive relief. Certainly not in this case. What if the plaintiff is not entitled to and doesn't seek community type of injunctive relief from the defense history? I don't know. I haven't seen the injunctive relief. That's right. Is he not then implied within our community scheme? What plaintiff has, you can see that he's not entitled to injunctive relief from the defense history because he's pointed out, but he was seeking it. That's what the suit is all about. I can see that he did request injunctive relief at one point. You never saw any actual damage to the suit, did you? I think the prayer includes a prayer for compensatory damages. He demanded a jury trial, and he was entitled to a jury trial. So the nominal damage is putting the label aside and putting aside the fact that many years ago there was a prayer for injunctive relief. If there's now a concession, that plaintiff is not entitled to injunctive relief because he was on the other side of the dispute. That's right. There's no longer. Nothing to enjoin any longer. Exactly right. There's nothing to enjoin any longer. What about the argument by opposing counsel that there is still room for declaratory review? So there is not room for effective or purposeful declaratory relief. I think this report was correct in relying on the headquarters case, which held that declaratory relief could not be effective in that case because the underlying dispute had gone away. It was the plaintiff was asking for a different permit from the Bureau of Land Management regarding how timber can be used. In that case, the timber was cut down by the time it got to this court. And this court held without a system when we couldn't even enter a purposeful, useful declaratory judgment because the timber's no longer there. And in this case, declaratory relief would serve no useful purpose. But if it's not been employed with my client for over eight years now, there's no evidence that he will seek re-employment. And there's even more importantly, no evidence that David Marcus would ever take any additional steps to apply the arbitration agreement against the plaintiff. Thank you. Let's go ahead and look at a matter on the clock. I do need a minute. Right here. If I don't have the second time, it's like that. The minute we got across the law, we filed an objection to the court citing all of the reasons I've brought up for every party. It is discretionary, it would be unjust, and a few days later, the court would confirm the cause. I think it also produces a job declaratory relief. There's a significant reason for declaratory relief so this court can say who is right and who is wrong in this controversy as to the scope of the statute. And as the Supreme Court has said, if employers face only the prospect of a job declaratory relief, it means that you're shunning practices. If the goal is to enforce the civil rights laws and the dignitary interests that arise from them puts one in the wrong, your court needs to use the full extent of its job declaratory relief. If it's not correct, then in this context, you have to fit into one of two buckets. The Supreme Court has made it clear that the courts have the widest discretion possible. Okay. Your Honor. Do you, is it fair to say that you can only prevail if we agree with you that nominal damages are formally relieved? Your Honor, I agree that the declaratory relief is appropriate, is very appropriate. This is a live controversy. We had a survey going on on whether they violated the ordinance. And nothing that happened with regard to a repeal of the arbitration issue affects whether or not any lawyer can threaten to terminate you and take away your health insurance if you don't waive your statutory insurance. Okay. So, I mean, I'm trying to figure out what your argument is. Your argument is that's available. Is that an alternative argument to your argument that nominal damages are available as a form of compensatory relief? Yes. And so, in terms of your argument on nominal damages, would you agree that if we characterize that form of relief as equitable, you lose? I mean, as legal, you lose. Well, if you do that, I lose and a lot of people lose because it's not merely legal. It doesn't have to be one or the other. I understand. Would you agree that nominal damages are not included in the statute as a form of relief? Would you agree with that? No. Gosh, no. I think nominal damages are within the ADA. In the ADA, yeah. Of course it is. They work in the ADA law. But specifically, it's not listed specifically as available under the ADA. Clearly not, but the ADA law is not as broad as the legislature put it, right? It's unlimited. You want to do buckets, you're done. In some instances, we have a listing of compensatory punitive back pay. So, that's my frame of reference that that's not listed. It's how you weigh the amount of damages specifically listed. So, from my experience, would you agree with that? Absolutely. Yes, I agree with that. I also agree that ors alone don't matter. Look to the substance of the revenue. You can call it something. There it is. It's legal. You can call it restitution or reimbursement. It's equitable. If a court's sitting and everybody says this is what is necessary to do complete justice, you can do it. This circuit has gone so far as to even say that you can throw more images sitting and recruiting. That is what a judge sitting and recruiting believes is necessary. And the ADA's supposed to fix this current situation not be prevented by two restrictive categories. In our model of decision I wrote, we came to the opposite conclusion in terms of what remedies are available. We said, take what circuits are just and throw them in. Throw them in. And we outbrought it to address the scope of a remand. We simply decided that it was an equitable as opposed to a legal manner for purposes of jury time. I always want to say in that case we made a clear distinction between compensatory damages between legal and equitable. If you said the compensatory damages that are available we would agree that decision. But for purposes of that decision because it may be in the background here. If nominal damages are considered compensatory under this statute they wouldn't be available under the analysis that you have brought up. Well that's right. They're not compensatory but there are no compensatory damages. It's the opposite. Just for the purpose that I brought up you use the plain language interpretation of the school rights amendments did not reference the retaliation section. In fact, if you say anything wrong one way or the other the plain language is the ADA itself. Where Congress very specifically said that the damages for retaliation are the same as damages for discrimination. So if you're using the plain plain language interpretation of the sanctions we believe because Congress put them in clear that retaliation damages are the same as damages for discrimination. But you're making certain statutes that the that were to be referenced in the compensatory damages list that didn't include nominal damages those statutes are not. But once you change the remedies for discrimination Congress has instructed that the exact same remedies are available for discrimination. Please take it off the agenda. Thank you. Okay. Thank you both. Thanks for your helpful arguments. Mayor vs. Eagle Marcus wrote this announcement for decisions next season. Next case on the argument calendar this morning Center for Biological Diversity versus
judges: W. Fletcher, Rawlinson, Pratt